UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: 3:21-cv-00093

| | |
|---|---|
| PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>PORTRAIT HOMES-SOUTH CAROLINA LLC, )<br>and PORTRAIT HOMES-FENWICK )<br>COMMONS, LLC, )<br>)<br>Defendants. )<br>)<br>) | **DECLARATORY JUDGMENT COMPLAINT** |

COMES NOW the Plaintiff, Pennsylvania National Mutual Casualty Insurance Company, by and through counsel, and alleges and says:

PRELIMINARY STATEMENT

1. Pursuant to 28 U.S.C. §2201, Plaintiff Pennsylvania National Mutual Casualty Insurance Company ("Penn National") seeks a declaratory judgment and adjudication concerning the rights, obligations and liabilities of the parties under certain policies of insurance issued by Penn National to which Defendants Portrait Homes-South Carolina LLC, and Portrait Homes-Fenwick Commons, LLC (hereinafter collectively referred to as the "Portrait Homes Defendants") now claim a right to liability coverage as additional insureds under those policies for claims asserted against the Portrait Homes Defendants in a lawsuit currently pending in the Ninth Judicial Circuit, Charleston County, South Carolina captioned as follows: *Fenwick Commons, HOA, Inc. v. Portrait Homes-South Carolina LLC, Portrait Homes-Fenwick Commons, LLC, D.R. Horton, Inc. et al.,* 2018-CP-10-00330.

## PARTIES

2. Plaintiff Penn National is an insurance company duly organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business in Pennsylvania, and it is lawfully registered and conducts insurance business in North Carolina.

3. Portrait Homes-South Carolina LLC is a limited liability company organized under the laws of the State of Illinois.

4. Portrait Homes-Fenwick Commons LLC is a limited liability company organized under the laws of the State of Illinois.

## JURISDICTION

5. Jurisdiction over the claims contained herein is invoked pursuant to 28 U.S.C. §1332(a)(1) and (c) in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.00.

## VENUE

6. This action properly lies in the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. §1391(b) in that the Portrait Homes Defendants are seeking to avail themselves of coverage under policies of insurance that were contracted for and delivered to a North Carolina corporation in North Carolina, including the Western District of North Carolina, and a substantial portion, if not all, of the underwriting activities for such policies were conducted by Penn National employees in North Carolina.

## FACTS

7. The Portrait Homes Defendants have tendered an underlying lawsuit for liability coverage under Commercial General Liability Policies issued by Penn National to JJA

Construction, Inc., policy number GL90601617, and JJA Framing Company, policy number GL9 0649575 (collectively the "CGL Policies")

8. Penn National issued the following commercial general liability policies:

   a. Commercial General Liability Policy No. GL9 0601617 issued to "JJA Construction, Inc." effective from March 2, 2005 to December 5, 2006.

   b. Commercial General Liability Policy No. GL9 0601617 issued to "JJA Construction, Inc." effective from December 5, 2006 to December 5, 2008.

   c. Commercial General Liability Policy No. GL9 0649575 issued to "JJA Framing Company" effective July 9, 2008 to August 15, 2008.

   d. Commercial General Liability Policy No. GL9 0649575 issued to "JJA Construction, Inc." effective from August 15, 2008 to November 3, 2008, and July 9, 2009 to July 21, 2009.

   e. Commercial General Liability Policy No. GL9 0649575 issued to "JJA Construction, Inc." effective from July 21, 2009 to July 9, 2010.

A certified copy of the CGL Policies is attached as Exhibit 1-5, and they are incorporated herein by reference.

9. A copy of the Portrait Homes Defendants' tender of the underlying lawsuit for coverage is attached as Exhibit 6, and it is incorporated herein by reference.

10. The Portrait Homes Defendants' demand liability coverage for claims asserted against them in the Underlying Lawsuit which arise out of alleged defects in the construction of townhomes at Fenwick Commons located in Charleston County, South Carolina.

11. In constructing Fenwick Commons, the Portrait Homes Defendants allege that they subcontracted with Jose Castillo d/b/a JJA Framing and/or JJA Construction Inc. to conduct framing work at Fenwick Commons.

3

12. Penn National has responded to the Portrait Homes demand for insurance coverage by requesting that Portrait Homes provide sufficient documentation to establish that Portrait Homes should be considered an additional insured under the Penn National policies including but not limited to, an executed written contract between Portrait Homes and JJA Construction, Inc. that requires JJA Construction, Inc. to name Portrait Homes-South Carolina, LLC and/or Portrait Homes-Fenwick Commons, LLC as additional insureds under the Penn National policies.

13. The Portrait Homes Defendants advised Penn National that they are unable to produce a written contract between the Portrait Homes Entities and JJA Construction, Inc. or Jose Castillo d/b/a/ JJA Framing relating to the construction of Fenwick Commons that required JJA Construction, Inc. name the Portrait Homes Entities as additional insureds under the Penn National policies.

14. Jose Castillo is a defendant in the Underlying Lawsuits, and The Underlying Lawsuits allege that Jose Castillo performed defective work in the construction of The Commons, and that the Portrait Homes Defendants are responsible for damages resulting from Jose Castillo's alleged defective work.

15. Jose Castillo, individually, was not a named insured under the Penn National's CGL Policy or its Renewal Policies referenced as Exhibits 1-5.

16. Neither Jose Castillo nor JJA Construction, Inc. has offered any cooperation with Penn National in the defense provided to them by Penn National in the underlying action despite repeated attempts at contact by Penn National; furthermore, in an action for declaratory judgment against Jose Castillo, JJA Framing, and JJA Construction, Inc., entry of default was made as to all defendants on December 9, 2020.

17. Penn National denies that it has any obligation under Penn National's CGL Policies or its Renewal Policies to provide coverage for the claims asserted against the Portrait Homes Defendants in the Underlying Lawsuits.

18. Penn National now files this action in order to resolve any dispute between Penn National and the Portrait Homes Defendants given that the Portrait Homes Defendants have requested coverage under the CGL Policies and the Renewal Policies with respect to the Underlying Lawsuits, and that Penn National denies any coverage obligation with respect to the claims asserted against the Portrait Homes Defendants in the Underlying Lawsuits.

## CLAIM FOR DECLARATORY RELIEF

19. The allegations of paragraphs 1-17 are incorporated herein by reference.

20. The Declaratory Judgment Act, 28 U.S.C. §2201, provides, in relevant part, that:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

21. A genuine, actual and justiciable controversy between and among the parties to this action has arisen and presently exists concerning whether Penn National is obligated to provide liability coverage under the CGL Policies and the Renewal Policies for the claims asserted against the Portrait Homes Defendants in the Underlying Lawsuits, and Penn National is entitled to a declaratory judgment as to its obligation and liabilities under said policies.

22. The base policy form of the CGL Policy and its Renewal Policies provide in pertinent part as follows:

5

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy.

The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section V – Definitions.

SECTION I – COVERAGES

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply.

   b. This insurance applies to . . . 'property damage' only if:

   (1) The . . . 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory';

2. Exclusions
This insurance does not apply to:

b. Contractual Liability

"[P]roperty damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

6

(2) Assumed in a contract or agreement that is an 'insured contract', provided the . . . 'property damage' occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an 'insured contract', reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of . . . 'property damage', provided:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same 'insured contract'; and

(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

k. Damage To Your Product

'Property damage' to 'your product' arising out of it or any part of it.

l. Damage To Your Work

'Property damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard'.

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

SECTION II – WHO IS AN INSURED

1. If you are designated in the Declarations as:

   d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your 'executive officers' and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

SECTION V – DEFINITIONS

13. 'Occurrence' means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

16. 'Products-completed operations hazard':

a. Includes all 'bodily injury' and 'property damage' occurring away from premises you own or rent and arising out of 'your product' or 'your work' except:

(1) Products that are still in your physical possession; or

(2) Work that has not yet been completed or abandoned. However, 'your work' will be deemed completed at the earliest of the following times:

(a) When all of the work called for in your contract has been completed.

(b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

(c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

23. The CGL Policies and the Renewal Policies contain the following relevant endorsements to the base policy which provide in pertinent part as follows:

AUTOMATIC ADDITIONAL INSURED –
OWNERS, CONTRACTORS AND SUBCONTRACTORS
(COMPLETED OPERATIONS)

This endorsement modifies insurance provided under the following: COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. The following provision is added to Section II – WHO IS AN INSURED:

6. Any person(s) or organization(s) (referred to below as additional insured) with whom you are required in a written contract or agreement to name as an additional insured for the 'products-completed operations hazard', but only with respect to liability for 'bodily injury' or 'property damage' caused, in whole or in part, by 'your work', at the location or project designated and described in the contract or agreement, performed for that additional insured and included in the 'products-completed operations hazard'.

AMENDMENT OF INSURED CONTRACT DEFINITION

This endorsement modifies insurance provided under the

8

following: COMMERCIAL GENERAL LIABILITY

COVERAGE PART 9. 'Insured contract' means:

> f. That part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another party to pay for . . . 'property damage' to a third person or organization, provided the . . . 'property damage' is caused, in whole or in part, by you or by those acting on your behalf. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

24. Based on the foregoing policy provisions, the claims asserted against the Portrait Homes Defendants are not covered under the CGL Policy or the Renewal Policies in that the Portrait Homes Defendants are neither named insureds nor additional insureds under the policy, given the absence of a written contract or agreement requiring JJA Construction Inc. to name the Portrait Homes Defendants as additional insureds for the products-completed operations hazard, and that the claims are otherwise excluded by the exclusions in the policies.

25. Therefore, Penn National is entitled to a judgment declaring and adjudging that it is not obligated to provide liability coverage under the CGL Policy and the Renewal Policies for the claims asserted in the Underlying Lawsuits against the Portrait Homes Defendants. This includes a declaration that Penn National has no duty to defend the Portrait Homes Defendants in the Underlying Lawsuits and a declaration that Penn National has no duty to indemnify the Portrait Homes Defendants in connection with the claims raised in the Underlying Lawsuits.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Penn National prays the Court that:

1. A declaratory judgment be entered adjudging and declaring that Penn National's CGL Policies and the Renewal Policies do not provide liability coverage for the claims asserted against the Portrait Homes Defendants in the Underlying Lawsuits, including a declaration that

Plaintiff Penn National has no duty to defend the Portrait Homes Defendants in the Underlying Lawsuits and a declaration that Plaintiff Penn National has no duty to indemnify the Portrait Homes Defendants in connection with the claims raised in the Underlying Lawsuits;

2. That the Court make such award of costs as it deems equitable and just;

3. That a jury trial be conducted on all issues so triable; and

4. That Plaintiff Penn National have such other and further relief as may be just and proper.

This the 4th day of March, 2021.

GOLDBERG SEGALLA LLP

/s/ John I. Malone, Jr.
John I. Malone, Jr.
N.C. State Bar No. 22180
701 Green Valley Road, Suite 310
Greensboro, NC 27408
Telephone:     336.419.4900
Facsimile:     336.419.4950
E-mail:  jmalone@goldbergsegalla.com

*Attorney for Plaintiff Pennsylvania National Mutual Casualty Insurance Company*