UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-CV-00093-FDW-DCK

| | |
|---|---|
| PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>PORTRAIT HOMES – SOUTH CAROLINA, LLC *et al.*,<br><br>Defendants. | ORDER |

THIS MATTER is before the Court on Plaintiff's Motion for Default Judgment (Doc. No. 11) and the Memorandum filed in support of the Motion for Default Judgment (Doc. No. 11-1). For the reasons discussed below, Plaintiff's Motion is GRANTED.

## BACKGROUND

Plaintiff Pennsylvania National Mutual Casualty Insurance Company ("**Plaintiff Penn National**") initiated this declaratory judgment action against Defendants Portrait Homes-South Carolina LLC and Portrait Homes-Fenwick Commons, LLC (hereinafter, collectively, "**Portrait Homes**"), on March 4, 2021. Plaintiff Penn National seeks a declaratory judgment that certain policies of commercial general liability insurance issued by Plaintiff Penn National to Jose Castillo d/b/a JJA Framing Company, JJA Construction, Inc., and JJA Framing Company (collectively "**JJA**"), under which Portrait Homes, on May 1, 2020, tendered and now claim a right to liability coverage as additional insureds for claims asserted against Portrait Homes in an action pending in the Ninth Judicial Circuit, Charleston County, South Carolina, captioned Fenwick Commons HOA, Inc., v. Portrait Homes- South Carolina LLC, Portrait Homes-Fenwick

Commons, LLC, D.R. Horton, Inc., et al., 2018-CP-10-00330 (hereinafter the "**Underlying Action**"). This case is brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201, et seq. and Rule 57 of the Federal Rules of Civil Procedure. The record shows that Plaintiff Penn National served Portrait Homes-South Carolina LLC and Portrait Homes-Fenwick Commons, LLC with process pursuant to Rule 4 of the Federal Rules of Civil Procedure on April 13, 2021 and March 8, 2021, respectively. (Doc. No. 10; Doc. No. 5). Neither Portrait Homes-South Carolina LLC nor Portrait Homes-Fenwick Commons, LLC filed a responsive pleading to Plaintiff's Complaint (Doc. No. 1), and Entry of Default was made against both Portrait Homes-South Carolina LLC and Portrait Homes-Fenwick Commons, LLC on June 11, 2021. (Doc. No. 9; Doc. No. 8). Plaintiff Penn National now moves for Default Judgment as against Portrait Homes. The Motion for Default Judgment was filed on October 7, 2021. Portrait Homes has not entered an appearance in this action or undertaken to defend the action in any way.

## ANALYSIS

Upon default, the well-pleaded facts alleged in the Complaint (Doc. No. 1) are deemed admitted. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (quoting Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). Therefore, based upon Plaintiff Penn National's Complaint, the following facts are established.

Portrait Homes was sued in the Underlying Action. It is alleged in the Underlying Action that Portrait Homes defectively developed and constructed townhomes that were part of the Fenwick Commons Homeowner's Association, Inc., and for which the Association has the duty to repair and maintain the exteriors and common elements. The Plaintiff alleged numerous elements of construction were defective resulting in substantial water intrusion. JJA Construction, Inc., d/b/a JJA Framing installed framing, windows, flashing, and doors on the Fenwick Commons

project as a subcontractor of Fenwick Commons.

Plaintiff Penn National issued the following commercial general liability policies to JJA, under which Portrait Homes claims entitlement to coverage as an additional insured:

    a.    Commercial General Liability Policy No. GL9 0601617 issued to "JJA Construction, Inc." effective from 2 March 2005 to 5 December 2006.

    b.    Commercial General Liability Policy No. GL9 0601617 issued to "JJA Construction, Inc." effective from 5 December 2006 to 5 December 2008.

    c.    Commercial General Liability Policy No. GL9 0649575 issued to "JJA Framing Company" effective 9 July 2008 to 15 August 2008.

    d.    Commercial General Liability Policy No. GL9 0649575 issued to "JJA Construction, Inc." effective from 15 August 2008 to 3 November 2008, and 9 July 2009 to 21 July 2009.

    e.    Commercial General Liability Policy No. GL9 0649575 issued to "JJA Construction, Inc." effective from 21 July 2009 to 9 July 2010.

(Doc. No. 1-1 through Doc. No. 1-5). These CGL Policies (hereinafter collectively referred to as, the "**Policies**") utilized the same base policy form, CG 0001 10/01, which provides in pertinent part as follows:

> COMMERCIAL GENERAL LIABILITY COVERAGE FORM
> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy.
> The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.
> Other words and phrases that appear in quotation marks have special meaning. Refer to Section V – Definitions.
> SECTION I – COVERAGES
> COVERAGE A BODILY INJURY AND PROPERTY DAMAGE

> LIABILITY
> 1. Insuring Agreement
>> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply.
>> b. This insurance applies to . . . 'property damage' only if:
>> (1) The . . . 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory';
>
> SECTION II – WHO IS AN INSURED
>
> 1. If you are designated in the Declarations as:
>
> d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your 'executive officers' and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

Section II, "Who is an Insured," of Policy No. GL9 0601617, effective from March 2, 2005 until its cancellation on January 31, 2008, is amended by the following endorsement:

> AUTOMATIC ADDITIONAL INSURED –
> OWNERS, CONTRACTORS AND SUBCONTRACTORS
> (COMPLETED OPERATIONS)
> This endorsement modifies insurance provided under the following: COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> A. The following provision is added to Section II – WHO IS AN INSURED:
>
> 6. Any person(s) or organization(s) (referred to below as additional insured) with whom you are required in a written contract or agreement to name as an additional insured for the 'products-completed operations hazard', but only with respect to liability for 'bodily injury' or 'property damage' caused, in whole or in part, by 'your work', at the location or project designated and described in the contract or agreement, performed for that additional insured and included in the 'products-completed operations hazard'.

SECTION V – DEFINITIONS

13. 'Occurrence' means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

16. 'Products-completed operations hazard':

   a. Includes all 'bodily injury' and 'property damage' occurring away from premises you own or rent and arising out of 'your product' or 'your work' except:

   (1) Products that are still in your physical possession; o

   (2) Work that has not yet been completed or abandoned. However, 'your work' will be deemed completed at the earliest of the following times:

      (a) When all of the work called for in your contract has been completed.

      (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

      (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Policy number GL9 0649575, effective from July 9, 2008 to July 9, 2010, does not contain an additional insured endorsement for completed operations. Portrait Homes is not a named insured and has so admitted by operation of the entry of default.

As Portrait Homes is not a named insured, in order to qualify for coverage, it must meet the requirements in the automatic additional insured endorsement to Policy No. GL9 0601617 to qualify as an additional insured. Under North Carolina law, an insured "has the burden of bringing itself within the insuring language of the policy". Hobson Constr. Co., Inc. v. Great American Ins. Co., 322 S.E.2d 632, 635 (N.C. Ct. App. 1984). Likewise, a party claiming entitlement to coverage must show that it is an insured under the terms of the policy. See Metric Constructors, Inc. v. Industrial Risk Insurers, 401 S.E.2d 126, 128 (N.C. Ct. App. 1991) (quoting Nationwide Mut. Ins.

Co. v. McAbee, 150 S.E.2d 496, 497 (N.C. 1966)) ("In actions for benefits arising from an insurance policy, 'the burden is on the insured to show coverage.' By implication, the plaintiff who claims to be an insured or a beneficiary under the policy has the burden of showing that he is an insured or a beneficiary"). Interpretation of an insurance policy is a question of law for the court. See Allstate Ins. Co. v. Runyon Chatterton, 518 S.E.2d 814, 816 (N.C. Ct. App. 1999). In the absence of ambiguity, the insurance policy must be enforced as written. See Gaston County Dyeing Machine Co. v. Northfield Ins. Co., 524 S.E.2d 558, 563 (N.C. 2000) (quoting Woods v. Nationwide Mut. Ins. Co., 246 S.E.2d 773, 777 (N.C. 1978)) ("if the meaning of the policy is clear and only one reasonable interpretation exists, the courts must enforce the contract as written; they may not, under the guise of construing an ambiguous term, rewrite the contract or impose liabilities on the parties not bargained for and found therein"). Whether ambiguity is present is subject to a reasonable person standard. See Washington Housing Authority v. North Carolina Housing Authorities Risk Retention Pool, 502 S.E.2d 626, 630 (N.C. Ct. App. 1998), *review denied*, 526 S.E.2d 477 (N.C. 1998) ("The test in deciding whether the language is plain or ambiguous is what a reasonable person in the position of the insured would have understood it to mean").

      The automatic additional insured endorsement at issue here is unambiguous. A reasonable person would have understood that the endorsement, which states in pertinent part that "[a]ny person(s) or organization(s) (referred to below as an additional insured) with whom you are required in a written contract or agreement to name as an additional insured for the 'products-completed operations hazard', but only with respect to liability for 'bodily injury' or 'property damage' caused, in whole or in part, by 'your work', at the location or project designated and described in the contract or agreement, performed for that additional insured and included in the 'products-completed operations hazard'" is an additional insured, requires that a party claiming

coverage as an additional insured must (1) have a written contract or agreement with the named insured, and (2) that written contract must require the named insured to name the party as an additional insured for the "products-completed operations hazard".

Portrait Homes is not a named insured and has failed to bring itself within the insuring language of the policies at issue as an additional insured. Policy number GL9 0649575, effective from July 9, 2008 to July 9, 2010, does not contain an additional insured endorsement for completed operations, and there is, therefore, no completed operations coverage available to any additional insureds. Furthermore, while Policy No. GL9 0601617, effective from March 2, 2005 until its cancellation on January 31, 2008, contains an additional insured endorsement, the endorsement extends coverage only to "[a]ny person(s) or organization(s) (referred to below as an additional insured) *with whom you are required in a written contract or agreement to name as an additional insured for the 'products-completed operations hazard.'*" (Emphasis added). In order to avail itself of additional insured coverage, this clear and unambiguous provision required Portrait Homes to establish that it had (1) a written contract or agreement with JJA Construction, Inc., the named insured, and (2) that the written contract or agreement required JJA Construction, Inc., to name Portrait Homes as an additional insured for the products-completed operations hazard. Portrait Homes failed to produce such a contract to Plaintiff Penn National, and by operation of the entry of default against it, Portrait Homes has admitted that it is unable to produce any written contract between either of the Portrait Homes defendants and JJA, and that no written contract requires that JJA name Portrait Homes as an additional insured for the products-completed operations hazard.

Accordingly, coverage is not afforded to Portrait Homes for the claims asserted against them in the Underlying Action because Portrait Homes is not a named insured and has failed to

meet its burden to show that it is qualified as an additional insured.

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff Penn National's Motion for Default Judgment (Doc. No. 11) is GRANTED. It is hereby ORDERED, ADJUDGED, and DECREED that a declaratory judgment should be and is hereby entered in favor of Plaintiff Penn National, and the Court hereby declares and rules that (a) the Penn National Policies do not afford coverage for the claims against Portrait Homes in the Underlying Action, (b) Plaintiff Penn National is not required to defend Portrait Homes in the Underlying Action, and (c) Plaintiff Penn National is not obligated in any way to pay any damages that may be awarded against Portrait Homes in the Underlying Action.

IT IS SO ORDERED.

Signed: November 2, 2021

Frank D. Whitney
United States District Judge